UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TIMOTHY J. McILWAIN,

    Plaintiff,

v.

OUTTASK, INC., et al.,

    Defendants.

CIVIL ACTION NO. 04-0258 (MLC)

**MEMORANDUM OPINION**

RECEIVED
APR 7 2004
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

**THIS MATTER COMING BEFORE THE COURT** on the Court's order to show cause why the complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § 1332; and the plaintiff bringing this action to recover damages for, inter alia, libel; and the plaintiff alleging that the Court has jurisdiction under 28 U.S.C. § 1332 because, inter alia, there is diversity of citizenship (Compl. at 9); and the plaintiff bearing the burden of showing that such jurisdiction exists, see Dev. Fin. Corp. v. Alpha Hous. & Health Care, 54 F.3d 156, 158 (3d Cir. 1995); and the Court examining jurisdiction sua sponte, see Fed.R.Civ.P. 12(h)(3) (stating complaint shall be dismissed if subject matter jurisdiction appears lacking), Nationwide Ins. Co. v. Patterson, 953 F.2d 44, 45 n.1 (3d Cir. 1991) (mandating dismissal under Federal Rule of Civil Procedure 12(h)(3) if diversity alleged, but absent); and

    **THE PLAINTIFF ALLEGING** that: (1) he is a California citizen (Compl. at 1), (2) the defendants Outtask, Inc. ("Outtask") and

Openhire, Inc. ("Openhire") are Delaware corporations "authorized to and regularly conducting business in" Virginia and New Jersey, respectively (id. at 2), and (3) the defendants John Pereless, Courtney Pereless, Chris McCrae, Kevin Deickman, and Patrick Palmieri and the defendant Thomas DePasquale are "resident[s]" of New Jersey and Virginia, respectively (id. at 2-5)[1]; and

**THE PLAINTIFF FAILING** to allege the "principal place of business" of either Outtask or Openhire, as opposed to the states in which they are merely authorized to and regularly conduct business, see 28 U.S.C. § 1332(c)(1); and the plaintiff also failing to allege the states of which John Pereless, Courtney Pereless, McCrae, Deickman, Palmieri, and DePasquale are citizens, as opposed to mere residents, see 28 U.S.C. § 1332(a)(1); and the Court thus being unable to discern if jurisdiction exists in this action because the plaintiff has failed to allege either the principal place of business or citizenship of each of the aforementioned defendants where appropriate; and it appearing that when a plaintiff is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity," CGB Occ. Therapy v. RHA Health Servs., No. 02-4372, 2004 WL 160435, at *3 n.6 (3d Cir. Jan. 28,

---

[1] The plaintiff has failed to list the defendant Kevin Deickman in the caption. (See Complaint at 1 & 4.)

2004); and the Court intending to dismiss the complaint unless the plaintiff can demonstrate (1) either the principal place of business or citizenship of each of the aforementioned defendants where appropriate and (2) that there is diversity of citizenship; and

**THE COURT RECEIVING NO RESPONSE** to the order to show cause within the time set forth therein; and the Court concluding that the complaint should be dismissed; and good cause appearing, an appropriate order and judgment will issue separately.

*Mary L. Cooper*
**MARY L. COOPER**
United States District Judge